# CYRULI SHANKS
### CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman
email: jruderman@cszlaw.com
Admitted NY, NJ and CT

August 6, 2025

VIA ECF

Honorable Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 18A
New York, NY 10007

Re:  Ruiz v. Bigold Enterprises, LLC
     Civil Action No.: 1:25-cv-00838 (KPF)(SLC)

Dear Honorable Judge Cave:

    This firm represents defendant, Bigold Enterprises, LLC ("Defendant"), in this action. We write pursuant to Court's Settlement Conference Scheduling Order dated July 2, 2025 (ECF. 17) (the "Order") and paragraph 9 of this Court's Standing Order Applicable to Settlement Conferences Before Magistrate Judge Cave, respectfully seeking, with consent of Plaintiff, Carlos Ruiz ("Plaintiff"), an adjournment of the settlement conference currently scheduled for August 13, 2025 as it would permit discovery or exchange of information that would make the conference more fruitful. No prior request for an adjournment has been made herein.

    Defendant operates a costume store at 104 4th Avenue in Manhattan (the "Premises"). This action concerns Plaintiff's complaint that he is disabled and requires the use of a wheelchair and that the Premises is not compliant with the American Disabilities Act ("ADA") and analogous provisions of New York State and City law in that it does not provide handicap access.

    The parties have exchanged settlement demands and responses in accordance with the Order. If the conference is not adjourned the parties are required to submit their written pre-conference submissions today.

    Putting aside Defendant's arguments that it has no liability for the claims alleged, there are a number of other factors that must be considered by both parties and the Court in assessing the parties' respective positions and giving all the greatest chance of success in the conference. These factors include, but are not limited to, (a) the feasibility to alter the

## CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

Premises as sought by Plaintiff, (b) the nature, cost and obligation of remediating each of the public entrances; (c) Defendant's overall financial resources; (d) the effect remediating the public entrances will have on Defendant's resources; and (e) its impact upon Defendant and the property's operations.

      Defendant has engaged professionals to assist in the production of information that would enable the parties and the Court to address these factors. Unfortunately, the professionals have advised that they will not have the necessary information in time for the conference. As such, and in order to permit discovery or exchange of information that would make the conference more fruitful, Defendant, with the consent of Plaintiff, respectfully requests that the conference scheduled for August 13, 2025 be adjourned. The parties have consulted and are all available on September 10, 17 or 18. As such, subject to the availability of the Court, Defendant respectfully requests the conference to be adjourned to one of those dates.

      We thank the Court for its consideration in this regard.

      Respectfully yours,

      *Jeffrey C. Ruderman*
      Jeffrey C. Ruderman

cc: Plaintiff's counsel via ECF and email